# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL ROBINSON CRUMB, JR., | ) | |
|     Plaintiff | ) | C.A. No. 15-12 Erie |
| v. | ) | |
| | ) | District Judge Rothstein |
| FOREST STATE PRISON, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss for lack of prosecution [ECF No. 77] be granted and that this case be dismissed for Plaintiff's failure to prosecute.

**II.**    **REPORT**

    **A.**    **Relevant Procedural History**

Plaintiff initiated this action by filing a *pro* se civil rights complaint pursuant to 42 U.S.C. § 1983 on January 13, 2015, while he was an inmate incarcerated at the State Correctional Institution at Greene in Waynesburg, Pennsylvania ("SCI-Greene"). Plaintiff was subsequently released from incarceration and filed a notice of change of address with the Court on January 5, 2017 [ECF No. 67], providing a mailing address in York, Pennsylvania, and a corresponding telephone number. On the same date this Court issued an Order scheduling a status conference via telephone for February 2, 2017, at 10:30 a.m. [ECF No. 69]. A copy of this Order was mailed to Plaintiff at his last known address in York, Pennsylvania. The Order directed Defendants' counsel to make arrangements for all parties to participate at the hearing by conference call; however, Defendants' counsel reported to the Court that Plaintiff was not able to be reached at

1

the phone number he provided and, as a result, Plaintiff did not appear for the hearing on February 2, 2017.

On February 6, 2017, this Court issued a show cause Order requiring Plaintiff to provide an accessible telephone number to the Court at which he may be reached by defense counsel for purposes of holding a telephonic conference call. [ECF No. 71]. In response, Plaintiff filed a notice of change of address with the Court on March 7, 2017, providing a new mailing address in Pittsburgh, Pennsylvania, along with a new telephone number at which he may be contacted. [ECF No. 72]. The Court subsequently held a telephonic status conference on March 23, 2017, that was attended by all parties, during which the Court set a discovery deadline of August 1, 2017, and a post-discovery status conference was scheduled for August 2, 2017. [ECF No. 74].

On July 12, 2017, this Court issued a text Order rescheduling the post-discovery status conference for August 4, 2017 at 10:00 a.m. [ECF No. 75]. A copy of this text Order was mailed to Plaintiff at his last known address in Pittsburgh, Pennsylvania. At the status conference of August 4, 2017, defense counsel appeared and represented to the Court that she attempted to reach Plaintiff at his last known telephone number, but received a recording saying that Plaintiff's telephone has been disconnected or is no longer in service. As a result, Plaintiff did not appear for the status conference of August 4, 2017, and is not available to be reached by telephone. In addition, defense counsel reported to the Court that Plaintiff has not engaged in any discovery in this case.

Consequently, Defendants have since filed a motion to dismiss this case for lack of prosecution [ECF No. 77], to which Plaintiff was ordered to file a response by August 25, 2017.

To date, Plaintiff has failed to file a response to Defendants' motion, and has not provided updated contact information to either defense counsel or the Court.

### B. Discussion

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this case. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. In particular, Plaintiff has failed to comply with multiple Orders of this Court. Alternative sanctions, such as monetary penalties, are deemed inappropriate. Thus, this case should be dismissed due to Plaintiff's failure to prosecute.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss for lack of prosecution [ECF No. 77] be granted and that this case be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

    /s/ Susan Paradise Baxter
    SUSAN PARADISE BAXTER
    United States Magistrate Judge

Dated: August 29, 2017

cc: The Honorable Barbara Rothstein
    United States District Judge